UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN BLACKBURN,

       Plaintiff,                        CIVIL ACTION NO. 08-11597

    v.                             DISTRICT JUDGE DENISE PAGE HOOD

GRAI and GENESEE COUNTY       MAGISTRATE JUDGE VIRGINIA M. MORGAN
SHERIFF'S DEPARTMENT,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff alleges that defendant Grai attacked him while plaintiff was confined in Genesee County Jail and that defendant Genesee County Sheriff's Department endangered plaintiff by employing Grai. The matter comes before the Court on defendant Genesee County Sheriff's Department's Motion to Dismiss (D/E #9).[1] No response to the motion has been filed by plaintiff. For the reasons discussed below, this Court recommends that defendant's motion be **DENIED** and that the case caption be amended to

---

[1]Defendant Grai is not involved in the motion to dismiss before the Court. Grai filed an answer to the complaint, but it was misdocketed as a response to a petition for habeas corpus. The Attorney General's Office is advised that more careful selection with respect to electronic case filing is necessary.

-1-

substitute "Genesee County" for "Genesee County Sheriff's Department" as a defendant in the matter. The case should then proceed against Genesee County and Grai.

## II. Background

On April 4, 2008, plaintiff filed the complaint against defendants in this action (D/E # 1). In that complaint, Plaintiff states that, at all times relevant to the facts underlying this action, he was a prisoner confined in the Genesee County Jail in Flint, Michigan. (Complaint, p. 1) Plaintiff alleges that on March 2, 2008, defendant Grai attacked plaintiff in plaintiff's cell by jumping on plaintiff's back and hitting him repeatedly in the head. (Complaint, p. 4) Plaintiff also alleges that Grai broke plaintiff's glasses. (Complaint, p. 4) Plaintiff further alleges that defendant Genesee County Sheriff's Department put plaintiff in danger by employing people like Grai. (Complaint, p. 4) As relief, plaintiff seeks $750.00 for replacement of his glasses and damages in excess of $25,000.00 for violation of plaintiff's civil rights and his pain and suffering. (Complaint, pp. 4-5)

On May 28, 2008, defendant Genesee County Sheriff's Department filed the motion to dismiss before the Court (D/E #9). In that motion, the Genesee County Sheriff's Department argues that it is not a legal entity subject to suit and, therefore it should be dismissed from this action.

Plaintiff has not filed a response to defendant Genesee County Sheriff's Department's motion to dismiss. Pursuant to an order of this Court, plaintiff's response was due by June 20, 2008. (D/E #11)

**III. Standard of Review**

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) permits a district court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006). A district court need not, however, accept as true legal conclusions or unwarranted factual inferences. Kottmyer, 436 F.3d at 688. A claim survives a motion under Fed. R. Civ. P. 12(b)(6) "where its '[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.'" Zaluski v. United American Healthcare Corp., 527 F.3d 564, 570 (6th Cir. 2008), quoting Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007). "In reviewing a Rule 12(b)(6) motion to dismiss, [we treat] all well-pleaded allegations in the complaint as true, and [we] find dismissal proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." Zaluski, 527 F.3d at 570 quoting Downie v. City of Middleburg Heights, 301 F.3d 688, 693 (6th Cir. 2002) (internal citations omitted). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Twombley, 127 S.Ct. at 1970.

**IV. Discussion**

The Genesee County Sheriff's Department argues that plaintiff has failed to state a claim against it because it is not a legal entity against which a suit can be directed. A number of Sixth Circuit cases have dismissed civil rights complaints where a non-legal entity was named as a defendant, such as a sheriff's department or jail. See, *e.g.*, Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007) (dismissal of Ohio County sheriff's office); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); Watson v. Gill, 40 Fed.Appx. 88, 89 (6th Cir. 2002)(finding that the county was the appropriate party to address plaintiff's suit because the McCracken County Jail was a department of the county).

However, while the Sixth Circuit has dismissed complaints against non-legal entities, in some of those cases the plaintiff had also named the appropriate entity as an additional defendant and, therefore, the dismissal of the inappropriate entity had no real effect on the case. See Petty, 478 F.3d at 347; Matthews, 35 F.3d at 1049. In Watson, as well as other cases, the appropriate entity automatically defended the suit. See Watson, 40 Fed. Appx. at 89; Shorter v. Giles County Police Dept., 73 Fed. Appx. 780, 781 (6th Cir. Jun. 13, 2003). See also Vance v. Spencer County Public School Dist., 231 F.3d 253, 255 n. 2 (6th Cir. 2000) ("The Spencer County Public School District is not a legal entity. By consent, the real Defendant-Appellant in this action was deemed to be Board of Education of Spencer County."). Furthermore, district

courts have also construed the allegations to be against the appropriate entity. Dean v. Landrum, 221 F.3d 1334 (table), 2000 WL 922862, at *1 (6th Cir. Jun. 27, 2000) ("Because the Memphis Police Department is not a legal entity susceptible to suit. . . the district court construed the allegations against the police department as brought against the City of Memphis."); Cooper v. Shelby County Justice Center, 221 F.3d 1334 (table), 2000 WL 924604, at *1 (6th Cir. Jun. 26, 2000). One unpublished Sixth Circuit opinion noted that the district court had "assumed [the plaintiff] would substitute the present Sheriff . . . as a defendant [instead of the Sheriff's Department] and proceeded on the basis of this assumption," Klimik v. Kent County Sheriff's Dept., 91 Fed. Appx. 396, 404 (6th Cir. Jan. 30, 2004), although it found that substituting the County for the Sheriff would be futile. Id.

This Court believes that the better practice is to construe the plaintiff's complaint as against the County, and not the jail, at least when the correct entity is not also named in the action. That approach pays proper deference to Sixth Circuit precedent that makes clear that a *pro se* litigant's submissions are to be construed liberally, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); that is, *pro se* pleadings are held to a "less stringent standard[]" than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, naming parties is one area in which the Sixth Circuit has applied this rule generously to *pro se* prisoners. For example, in a case where a prisoner alleged violation of his constitutional rights by "staff" or by "authorities," but named only the State of Tennessee and a state agency as defendants, the Sixth Circuit affirmed the district court's dismissal of those defendants as barred by sovereign immunity, yet

reversed and remanded for consideration of the plaintiff's claims against individual officers, even though they were not named in the complaint and the prisoner had not responded to a motion to dismiss or sought leave to amend his complaint. Berndt v. State of Tenn., 796 F.2d 879, 882 (6th Cir. 1986).

Here, while plaintiff improperly named the Genesee County Sheriff's Department as a defendant, the claim itself is clear and there is no indication of bad faith on the part of plaintiff. Moreover, given the early stage of the case, amending the caption will not prejudice Grai or Genesee County.

## V. Conclusion

For the reasons discussed above, the Court recommends that Genesee County Sheriff's Department's motion to dismiss be **DENIED** and that the case caption be amended to substitute "Genesee County" for "Genesee County Sheriff's Department" as a defendant in the matter.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated: September 24, 2008

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff at Florence Crane Correctional Facility, 38 Fourth Street, Coldwater, MI 49036 (per OTIS) via the Court's ECF System and/or U. S. Mail on September 24, 2008.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan