UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN BLACKBURN,

       Plaintiff,                     CIVIL ACTION NO. 08-11597

    v.                                  DISTRICT JUDGE DENISE PAGE HOOD

GRAI and GENESEE COUNTY[1],     MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff alleges that defendant Grai attacked him while plaintiff was confined in Genesee County Jail and that defendant Genesee County endangered plaintiff by employing Grai. The matter comes before the Court on Defendants' Motion for Summary Judgment (D/E #16). No response to the motion has been

---

[1]Plaintiff originally named Genesee County Sheriff's Department as a defendant rather than Genesee County. On May 28, 2008, defendant Genesee County Sheriff's Department filed a motion to dismiss in which it argued that it is not a legal entity subject to suit (D/E #9). Plaintiff did not file a response to that motion. On September 24, 2008, this Court entered a Report and Recommendation finding that the motion should be denied and that the case caption should be amended to substitute "Genesee County" for "Genesee County Sheriff's Department" as a defendant in the matter (D/E #12). No objection was filed to the Report and Recommendation and it was adopted by Judge Denise Page Hood on December 19, 2008 (D/E #19).

filed by plaintiff and the time for filing a response has passed. For the reasons discussed below, this Court recommends that defendants' motion be **DENIED**.

## II. Background

On April 4, 2008, plaintiff filed a *pro se* complaint against defendants in this action (D/E # 1). In that complaint, plaintiff states that, at all times relevant to the facts underlying this action, he was a prisoner confined in the Genesee County Jail in Flint, Michigan. (Complaint, p. 1) Plaintiff alleges that on March 2, 2008, defendant Grai attacked plaintiff in plaintiff's cell by jumping on plaintiff's back and hitting him repeatedly in the head. (Complaint, p. 4) Plaintiff also alleges that Grai broke plaintiff's glasses. (Complaint, p. 4) Plaintiff further alleges that defendant Genesee County put plaintiff in danger by employing people like Grai. (Complaint, p. 4) As relief, plaintiff seeks $750.00 for replacement of his glasses and damages in excess of $25,000.00 for violation of plaintiff's civil rights and his pain and suffering. (Complaint, pp. 4-5)

On December 16, 2008, defendants filed the motion for summary judgment before the Court (D/E #16). In that motion, defendants argue that plaintiff's claims are barred by the doctrine of *collateral estoppel*. Defendants also argue that plaintiff's claims are barred pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) because, if the claims were successful, they would imply the invalidity of a prior criminal sentence.

On December 2, 2002, this Court ordered that any response by plaintiff to defendants' motion for summary judgment shall be filed on or before January 5, 2009 (D/E #18). On

January 5, 2009, attorney Major J.C. White filed both a notice of appearance on behalf of plaintiff (D/E #21) and a motion for extension of time to file a response to defendants' motion (D/E #22). On January 6, 2009, the Court granted plaintiff's request for an extension of time and gave plaintiff until January 27, 2009 to file a response (D/E #23). No response was ever filed and the time for filing a response has passed.

### III.  Standard of Review

Defendants move for summary judgment pursuant to Fed. R. Civ. Pro. 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106

S.Ct. 1348.  The opposing party cannot merely rest upon the allegations contained in his pleadings.  Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

## IV. Discussion

As discussed above, defendants argue that plaintiff's claims are barred by both the doctrine of *collateral estoppel* and the case of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  Each of defendants' arguments will be addressed in turn and, as discussed below, each of them must be rejected.

### A. *Collateral Estoppel*

*Collateral estoppel* is a rule of issue preclusion.  It bars the "relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding."  Leahy v. Orion Twp., 269 Mich.App. 527, 530, 711 N.W.2d 438 (2006). The Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal courts to give state court judgments the same preclusive effect that the state would afford such judgments.  Exxon Mobil, 125 S.Ct. at 1527 (quoting Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523, 106

S.Ct. 768, 88 L.Ed.2d 877 (1986)).  Michigan has three requirements for collateral estoppel: "(1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue'; and (3) 'there must be mutuality of estoppel.'"  Monat v. State Farm Ins. Co., 469 Mich. 679, 677 N.W.2d 843, 845-46 (2004) (alteration in the original) (quoting Storey v. Meijer, Inc., 431 Mich. 368, 429 N.W.2d 169, 172 n. 3 (1988)).  The defendants bear the burden of proving *collateral estoppel* applies.  Central Transport, Inc. v. Four Phase Systems, Inc., 936 F.2d 256, 260 (6th Cir. 1991).

With respect to the first requirement, an issue is actually litigated and determined by a valid and final judgment "[w]hen an issue is properly raised, ... submitted for determination, and is determined ...."  Gilbert v. Ferry, 413 F.3d 578, 581-582 (6th Cir. 2005) (quoting Restatement (Second) of Judgments § 27 cmt. d (1982).).  Moreover, the issue must have been essential to the resulting judgment and a finding upon which the judgment did not depend cannot support collateral estoppel.  Eaton Co Rd Commr's v. Schultz, 205 Mich.App. 371, 377; 521 N.W.2d 847 (1994).  It is irrelevant that the previous adjudication on the identical underlying issue was decided in a criminal context.  In Knoblauch v. Kenyon, 163 Mich.App. 712, 415 N.W.2d 286 (1987).  See also United States v. Beaty, 245 F.3d 617, 624 (6th Cir. 2001) (holding that "[n]o rule of law precludes a prior criminal conviction from having preclusive effect in a subsequent civil proceeding between the government and the defendant.").

In this case, defendants argue that the question of whether Grai assaulted and battered plaintiff was actually litigated and determined by a valid and final judgment in a prior criminal case. However, plaintiff only pled *nolo contendere*[2], or no contest, in that prior criminal action and, in Michigan, a *nolo contendere* plea "cannot be considered 'actual litigation,' at least not in terms of *collateral estoppel* jurisprudence. The essence of a *nolo contendere* plea is in its name, '*nolo contendere*,' or, 'I will not contest it.' If the charges are uncontested, they are necessarily unlitigated." Lichon v. American Universal Ins. Co., 435 Mich. 408, 428 (1990). See also Karttunen v. Clark, No. 06-13388, 2007 WL 2902872, *2 (E.D. Mich. October 2, 2007) (O'Meara, J.); Akyan v. Auto Club Ins. Ass'n, 208 Mich. App. 271, 274-276 (1994).

Since Lichon, the Michigan Rules of Evidence have been amended to permit the admission of *nolo contendere* pleas under some circumstances.[3] However, both the Michigan Court of Appeals and the United States District Court for the Eastern District of Michigan have found that the amendments do not affect the Lichon court's ruling that a *nolo contendere* plea cannot be considered "actual litigation" for the purposes of *collateral estoppel*. See Karttunen, 2007 WL 2902872 at *2; Akyan, 208 Mich. App. at 276. Here, plaintiff only pled *nolo*

---

[2]Plaintiff's plea in the criminal action is attached as part of Exhibit 2 to Defendants' Motion for Summary Judgment.

[3]MRE 410, as amended, permits the admission of evidence of a claimant's plea of no contest to a criminal charge in a later civil suit by the claimant "to the extent that evidence of a guilty plea would be admissible." MRE 410(2). Similarly, MRE 803(22) indicates that a no-contest plea admissible under MRE 410 is admissible as evidence of a final judgment "to prove any fact essential to sustain the judgment." The question raised by defendant, however, is whether such evidence, when admitted, should also be regarded as conclusive.

*contendere* in the prior criminal action relied upon by defendants and, consequently, his claim is not barred by the doctrine of *collateral estoppel*.[4]

### B. Heck v. Humphrey

Defendants also argue that plaintiff's claims are barred by the case of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the Supreme Court held that a plaintiff could not bring a § 1983 action if a favorable judgment "would necessarily imply the invalidity of his conviction or sentence; if [so], the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by

---

[4]While defendants' *collateral estoppel* argument must be rejected because it fails to meet the first requirement, this Court would note that the other two requirements of *collateral estoppel* are met in this case. With respect to the second requirement, in determining whether a party has had a full and fair opportunity to litigate, the Michigan Supreme Court has instructed courts to look at the factors set forth in §§ 28-29 of the *582 Restatement (Second) of Judgments. Monat, 469 Mich. at 847 n. 2. Those sections provide factors that, if found, support the finding that the re-litigation of an issue in a subsequent action between parties is not precluded even though the issue has been actually litigated and determined by a final and valid judgment. Gilbert v. Ferry, 413 F.3d 578, 581-582 (6th Cir. 2005). In this case, a consideration of those factors leads to the conclusion that plaintiff had a full and fair opportunity to litigate the issue of whether Grai assaulted him.

With respect to the third requirement, mutuality of *estoppel* generally "requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action. In other words, '[t]he *estoppel* is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him.'" Lichon, 435 Mich. at 427 (quoting Howell v. Vito's Trucking & Excavating Co., 386 Mich. 37, 43 (1971)). However, the Michigan Supreme Court has held that mutuality was not required when *collateral estoppel* was being used defensively. Monat, 469 Mich. at 691 ("[W]e believe that the lack of mutuality of estoppel should not preclude the use of *collateral estoppel* when it is asserted defensively to prevent a party from relitigating an issue that such party has already had a full and fair opportunity to litigate in a prior suit."). See also McCormick v. Braverman, 451 F.3d 382, 397 (6th Cir. 2006) (finding that Michigan allows the defensive use of *collateral estoppel* against a prior plaintiff). Here, since defendants are using defensive *collateral estoppel* in this case, mutuality is not required.

executive order, reversal on direct appeal, or writ of habeas corpus. 512 U.S. at 487, 114 S.Ct. 2364. Specifically, the court must ask whether success in a § 1983 suit would "negate an element of the offense." Heck, 512 U.S. at 486 n. 6. The Heck bar exists because the Court's respect for "finality and consistency" precludes a prisoner's use of § 1983 to collaterally attack an outstanding conviction. Heck, 512 U.S. at 486. Moreover, the Heck rule applies to *nolo contendere* pleas. See Cummings v. City of Akron, 418 F.3d 676, 683-684 (6th Cir. 2005) (affirming a district court's grant of summary judgment to the defendants on the plaintiff's excessive force claim where the plaintiff had earlier pled *nolo contendere* to an assault charge despite the fact that he could have raised excessive force as a defense to the assault charge).

Here, plaintiff pled *nolo contendere* to the misdemeanor of filing a false police report, M.C.L. § 750.411a. Pursuant to M.C.L. § 750.411a(1):

> a person who intentionally makes a false report of the commission of a crime, or intentionally causes a false report of the commission of a crime to be made, to a peace officer, police agency of this state or of a local unit of government, 9-1-1 operator, or any other governmental employee or contractor or employee of a contractor who is authorized to receive reports of a crime, knowing the report is false, is guilty of a crime as follows:
>
> (a) If the report is a false report of a misdemeanor, the person is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.
>
> (b) If the report is a false report of a felony, the person is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.

As interpreted by the Michigan Supreme Court, the plain language of the statute is not limited to only those situations where no crime has been committed and it also applies where one reports false details about the crime.  See People v. Chavis, 468 Mich. 84, 94 (2003) (holding that "the plain language of [M.C.L. § 750.411a] is not limited to only those situations where no crime *has been committed*; it also applies where one reports false details about the crime." (emphasis in original))  Thus, a defendant can be convicted under the statute where a crime occurs and the defendant reported false details about the crime.

In this case, defendants argue that plaintiff's claims are barred by Heck because, if plaintiff succeeds on his claim that Grai assaulted and battered him, it would necessarily call into question plaintiff's conviction and sentence for filing a false police report.  In support of their argument, defendants provided the Misdemeanor Complaint regarding a charge against plaintiff for filing a false police report (attached as Exhibit 1 to Defendants' Motion for Summary Judgment), a no contest plea signed by plaintiff with respect to that charge (attached as part of Exhibit 2 to Defendants' Motion for Summary Judgment), and the judgment of sentence sentencing plaintiff to forty days in jail for filing a false police report (attached as part of Exhibit 2 to Defendants' Motion for Summary Judgment).

However, none of that evidence provides much detail regarding of the specifics of crime to which plaintiff pleaded no contest.  The complaint does state that plaintiff made a false report of the commission of an assault and battery to the Genessee County Sheriff's Department, but it does not state the report was made with respect to Grai and Grai is merely listed as one of five

witnesses. Nor does the no contest plea or judgment of sentence suggest who or what was the subject of the false report. The lack of detail is particularly important in this case because the fact that plaintiff was guilty of making a false police report does not necessarily mean that Grai did not commit assault and battery against plaintiff. As discussed above, plaintiff could have been guilty of making a false police report by intentionally reporting false details about an assault and battery by Grai, even if an assault and battery actually occurred. See Chavis, 468 at 94 ("the plain language of [M.C.L. § 750.411a] is not limited to only those situations where no crime *has been committed*; it also applies where one reports false details about the crime." (emphasis in original)).

    As discussed above, in deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. Matsushita, 475 U.S. at 587. Additionally, defendants bear the initial burden of demonstrating the absence of a genuine issue of material fact and plaintiff must only come forward with specific facts showing that there is a genuine issue for trial if defendants carry their initial burden. Matsushita, 475 U.S. at 587. Here, given the scope of M.C.L. § 750.411a and the lack of details in defendants' evidence, defendants have failed to meet their burden of showing that a favorable judgment in this case would necessarily imply the invalidity of plaintiff's prior conviction for filing a false police report. Consequently, defendants are not entitled to summary judgment pursuant to Heck.

**V. Conclusion**

For the reasons discussed above, the Court recommends that defendants' motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                          s/Virginia M. Morgan  
                                          Virginia M. Morgan  
                                          United States Magistrate Judge

Dated: March 11, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on March 11, 2009.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan