**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN BLACKBURN,**

         **Plaintiff,**             **CIVIL ACTION NO. 08-11597**
                                    **DISTRICT JUDGE DENISE PAGE HOOD**

    **v.**

**DEPUTY GRAI and GENESEE COUNTY,**

         **Defendants,**

_____/

<u>**ORDER REGARDING REPORT AND RECOMMENDATION**</u>

**I.**     **INTRODUCTION**

      This matter is before the Court on Magistrate Judge Virginia M. Morgan's Report and Recommendation, dated March 11, 2009.  Defendants Deputy Grai and Genesee County filed Objections to the Magistrate Judge's Report and Recommendation Concerning Defendants' Motion for Summary Judgment on March 25, 2009.

**II.**     **STANDARDS OF REVIEW**

      **A.**     **Report and Recommendation**

      The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [an]

-1-

objection is made." 28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or modify, in whole or in part the findings or recommendations made by the magistrate." *Id*.

In order to preserve the right to appeal a Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within ten days, as provided in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard* v. *Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981). Here, the Defendants timely filed their objections to the Magistrate Judge's Report and Recommendation.

### B.    Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact.  The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party.  *Matsushita Electric Industrial Co., Ltd. Et al.* v. *Zenith Radio Corp.*, et. al., 475 U.S. 547, 106 S.Ct. 1348.  In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the non-moving party.  The moving party has "the initial burden of demonstrating the absence of a genuine issue of material fact." *Id*.  Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in their pleadings.  Rather, they must submit evidence demonstrating that a

material issue of fact exists. *Banks* v. *Wolfe County Bd. Of Educ*., 330 F.3d 888, 892 (6th Cir. 2003);

Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to

find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106

S.Ct. 1348 (quoting *First National Bank of Arizona v. Cities Serv. Co*. 391 U.S. 253, 289, 88 S.Ct.

1575, 1592 (1968).

## III.    APPLICABLE LAW & ANALYSIS

Plaintiff filed the instant 42 U.S.C. § 1983 action alleging that Defendant Deputy Grai

attacked him while Plaintiff was confined in the Genesee County Jail and that Defendant Genesee

County Sheriff's Department endangered Plaintiff by employing Defendant Grai. Defendants assert

in their Motion for Summary Judgment that Plaintiff's Complaint is subject to dismissal because his

claims are barred by the doctrine of collateral estoppel and by the principles espoused in *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), based on his plea of *nolo contendere* to filing a false police report

concerning Deputy Grai's alleged attack.

Magistrate Judge Virginia M. Morgan recommended that the Court deny Defendants' Motion

for Summary Judgment for the following reasons: 1) Defendants have not demonstrated that the first

requirement for the application of collateral estoppel has been met as the facts and circumstances

supporting Plaintiff's criminal conviction for filing a false police report were not 'actually litigated'

because Plaintiff pled *nolo contendere* in the action; and 2) if Plaintiff is successful with this civil

suit, this will not necessarily invalidate his prior conviction, therefore Plaintiff's § 1983 action is not

barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Defendants object to the Magistrate Judge's recommendation regarding collateral estoppel, arguing that the facts and circumstances of the alleged attack were 'actually litigated' as the Sixth Circuit has permitted the *nolo contendere* plea to collaterally estop § 1983 actions brought by criminal defendants. Defendants also object to the Magistrate Judge's recommendation regarding the application of *Heck* v. *Humphrey* to this matter and assert that they are entitled to summary judgment in their favor.

### A.      **Collateral Estoppel**

Collateral estoppel is a rule of issue preclusion. It bars the "relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Leahy v. Orion Twp.,* 269 Mich.App. 527, 530, 711 N.W.2d 438 (2006). The Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal court to "give the same preclusive effect to a state-court judgment as another court of that state would give." *Exxon Mobil* v. *Saudi Basic Industries Corp*. 544 U.S. 280, 293, 125 S.Ct. at 1527 (quoting *Parsons Steel, Inc.* v. *First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 736, 88 L.Ed.2d 877 (1986)). Michigan has three requirements for collateral estoppel: "(1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid final judgment'; (2) 'the same parties must have had a full and [and fair] opportunity to litigate the issue'; and (3) 'there must be mutuality of estoppel.'" *Monat* v. *State Farm Ins. Co.,* 469 Mich. 679, 677 N.W.2d 843, 845-46 (2004) (alteration in the original) (quoting *Storey* v. *Meijer, Inc*., 431 Mich. 368, 429 N.W.2d 169, 172 N.3 (1988)). Since it is

undisputed that the second and third elements of collateral estoppel are met, they will not receive further analysis.

Defendants assert that Plaintiff relies on the same facts and circumstances, which arose in the criminal suit, in his present civil suit against Officer Grai (for attacking him in his cell). Defendants argue that under Michigan law, "an *issue* is actually litigated if it is put into *issue* by the pleadings, submitted to the trier of fact, and determined by the trier of fact." *Markowitz* v. *Campbell*, 190 F.3d 455, 462 (6th Cir. 1999). Defendants argue that the "facts and circumstances of the alleged assault and battery (which are the same as alleged in the present action)…supported Plaintiff's conviction for the charge. Thus, the first element of collateral estoppel was therefore met." *See* Objs. to the Magistrate Judge's Report and Recommendation at 4.

Here, the issue is whether the nolo contendere plea is an adjudication of the underlying facts. Defendants argue that "[t]he Sixth Circuit Court of Appeals has repeatedly held that a § 1983 plaintiff, who enters a plea of no contest or nolo contendere to a criminal offense, cannot later challenge the finding of probable cause for that offense by a state court." *Marmelshtein* v. *City of Southfield*, No. 07-15063, 2009 U.S. Dist. LEXIS 19483, *7 (E.D. Mich. March 11, 2009); *See also, Walker* v. *Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988); and *Shelton* v. *City of Taylor*, 92 Fed. Appx. 178, 183 (6th Cir. 2004).

In *Marmelshtein*, the plaintiff asserted false arrest and prosecutorial misconduct claims regarding his arrest for disorderly conduct. *Marmelshtein*, 2009 U.S. Dist. LEXIS 19483 at *1, 4. The district court granted the defendants' motion to dismiss because the plaintiff had entered a no contest plea to the charge of disorderly conduct. *Id.* at *10. The *Marmelshtein* court concluded that

-5-

dismissal of these claims was warranted because a plaintiff cannot admit to committing an offense

and later bring a civil action challenging the presence of probable cause which led to that arrest. *Id*.

"Marmelshtein . . . admitted to having committed the charge that subjected him to arrest, and is now

challenging the presence of probable cause that led to his arrest.   He cannot now 'use his

compromise with the judicial system (no contest plea) to his advantage.'" *Id*.  (quoting *Shelton*, 92

Fed. Appx. at 183).

Here*,* Plaintiff asserts that Defendant Grai attacked him in his cell.[1]  Defendants argue that

Plaintiff's *nolo contendere* plea to the charge of filing a false report estops him from raising his

Eighth Amendment claim before this Court.  A plea of nolo contendere may bar a subsequent § 1983

claim for deprivation of a constitutional right violated in connection with the subject matter of the

plea.  However, under these facts as presented, Defendants are not entitled to judgment as a matter

of law in their favor.  As the Magistrate Judge correctly stated in her Report and Recommendation,

"none of the evidence [submitted by Defendants] provides much detail regarding [] the specifics of

[the] crime to which plaintiff pleaded no contest."  *See* Doc. No. 24 at 9.  Defendants have failed to

submit sufficient evidence that the false report was in fact based upon the alleged attack by Deputy

Grai.   The charging document does not indicate that the false report alleged an attack by Deputy

Grai.  *See* Defs.' Mot. for Summ. J,  Ex. 1.  In fact, the victim is listed as 'Seargent David  Dwyre,'

and not Deputy Grai.  *Id.*   Further, the letter submitted by Defendants which appears to be the false

---

[1]  The Eighth Amendment protects prisoners against the imposition of "cruel and unusual
punishment."  U.S. Const. amend VIII.  "A violation of the Eighth Amendment []will occur if the
infliction of pain upon a prisoner is unnecessary and wanton."  *Parrish v. Johnson*, 800 F. 2d 600, 604
(6th Cir. 1986) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).  In order to determine if Defendants
violated the Eighth Amendment, this Court must consider "the reason or motivation for the conduct, the
type of excessiveness of the force used, and the extent of injury inflicted . . . ."  *Id.* at 605.

report, is addressed to a 'Mr. Cobbs' and is dated March 6, 2008.  *See* Objs. to the Magistrate

Judge's Report and Recommendation, Ex. A.  The charging document indicates that the incident for

which the charge was brought occurred on March 27, 2008. *See* Defs.' Mot. for Summ. J, Ex. 1.

Defendants did not provide a transcript of the court plea, or any other document that would

demonstrate that Plaintiff's conviction for filing a false police report was based on the facts alleged

in Plaintiff's Complaint; that Defendant Grai attacked him in his cell.  Without evidence

demonstrating that the plea of *nolo contendere* related to this particular complaint letter, Defendants

cannot meet their burden under Rule 56.  As such, the Court cannot conclude that collateral estoppel

applies in this instance.[2]  Defendants are not entitled to summary judgment based on the doctrine

of collateral estoppel.

> **B.**     ***Heck* v. *Humphrey***

Defendants argue that Plaintiff's Eighth Amendment claim will call into question the validity

of his criminal conviction for filing a false police report, therefore it is barred under *Heck* v.

*Humphrey*, *supra*.  In *Heck* v. *Humphrey*, Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must prove
> that the conviction or sentence has been reversed on direct appeal, expunged
> by executive order, declared invalid by a state tribunal…, or called into
> question by a federal court's issuance of a writ of habeas corpus . . . .

512 U.S. at 487.  Here, the Plaintiff pled *nolo contendere* to the misdemeanor of filing a false police

report.  Michigan Compiled Law § 750.411a(1)(a), states:

---

[2]  The Court notes that the Magistrate Judge did not have this letter in making her determination.

-7-

> 1) Except as provided in subsection (2), a person who intentionally makes a false report of the commission of a crime, or intentionally causes a false report of the commission of a crime to be made, to a peace officer, police agency of this state or of a local unit of government, 9-1-1 operator, or any other governmental employee or contractor or employee of a contractor who is authorized to receive reports of a crime, knowing the report is false, is guilty of a crime as follows:
>
> > (a) If the report is a false report of a misdemeanor, the person is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

MICH. COMP. LAWS § 750.411a(1)(a).

The Magistrate Judge correctly noted that, under the statute, a person can be charged and convicted of filing a false police report when the person gives false details about the crime, even if a crime in fact actually occurred. See *People* v. *Chavis*, 468 Mich. 84, 94 (2003) (holding that "the plain language of [MICH. COMP. LAWS § 750.411a] is not limited to only those situations where no crime has been committed; it also applies where one reports false details about the crime"). Here again, the lack of sufficient evidence precludes a finding that *Heck* bars Plaintiff's claim. The Court cannot determine whether Plaintiff made false statements about the attack altogether, or if the attack did occur, whether Plaintiff embellished certain details. Both instances are actionable under the statute, but the latter may not invalidate the conviction. It may be that Plaintiff's § 1983 action could invalidate his prior conviction, but the information provided by Defendants is insufficient to enter judgment in their favor. As such, the Magistrate Judge correctly concluded that Defendants "have failed to meet their burden of showing that a favorable judgment in this case would necessarily imply the invalidity of plaintiff's prior conviction for filing a false police report." *See*

Doc. No. 24 at 10. Given that Defendants did not submit sufficient evidence to carry their burden under Rule 56, their Motion for Summary Judgment is denied.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Virginia M. Morgan is ADOPTED as to the issue of collateral estoppel, only as set forth in the Opinion above.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Virginia M. Morgan is ADOPTED as to the issue of *Heck v. Humphrey, supra*, and the DENIAL of Defendants' Summary Judgment Motion.

**IT IS FURTHER ORDERED** that this mater is referred back to the Magistrate Judge for further proceedings, and preparation of a joint final pretrial order, to be submitted to the District Judge at the final pre-trial conference. The Defendant's Motion for Summary Judgment [**Docket No. 16, filed December 1, 2008**] is DENIED.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 28, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager